[No. 17281.  Department One.  June 22, 1922.]

FERDINAND C. KUINDERS, *Appellant,* v. KATHRYN B.
KUINDERS, *Respondent.*[1]

DIVORCE (75)—DECREE—ALIMONY—MODIFICATION.  Where parties
to a divorce were of moderate means, the fault was not all the
husband's, and the wife was awarded all the property, including
a double house, part of which rented for $35 a month, the award of
$60 a month alimony, out of defendant's moderate salary, will be
cut down to $30.

Appeal from a judgment of the superior court for
King county, Smith, J., entered July 29, 1921, upon
findings in favor of the defendant, in an action for
divorce, tried to the court.  Modified.

*H. A. Martin,* for appellant.

*Erven H. Palmer* and *Van C. Griffin,* for respond-
ent.

MITCHELL, J.—Upon the trial of this case, wherein
each party sought a divorce, judgment was entered
for the defendant.  It gave their child, eight years of
age, into the custody of the defendant.  It awarded
to her all of the property in which he had any interest,
consisting of a residence worth about $5,000 and house-
hold furniture worth about $1,000.  It provided he
should pay $60 per month for the support of her and
the child until the further order of the court.  An
additional amount was allowed to finish paying $200
on behalf of her attorney's fees, and he was further
required to pay all outstanding community debts, the
amount of which was not definitely ascertained, but
was clearly of a substantial sum.  From the judg-
ment, he has appealed.

The home property was in process of being accumu-
lated by him at the date of the marriage, 1908.  It is

[1]Reported in 208 Pac. 611.

arranged so as to readily accommodate more than one family, and a portion of it has been let so as to produce regularly a monthly income of $35. It is unencumbered. She has no other means, he has nothing left. He has a position at a moderate salary, she has earning capacity, having been employed in mercantile and restaurant pursuits prior to, and for a short time after, marriage. The grounds of the divorce were personal indignities rendering life burdensome. A careful examination of the evidence satisfies us that the faults which led to the divorce were not all his, by any means. The trial court so found.

Upon due consideration of the record in the case, together with the law applicable, we are not disposed to disturb the judgment, except in one particular. That portion of the judgment requiring the appellant to pay $60 per month for the support of the respondent and the minor child until the further order of the court, should be modified so as to provide only for the payment by the appellant of $30 per month until the further order of the court, for the support of the minor child, from the date of the judgment.

Remanded, with directions to the superior court to modify the judgment accordingly. Neither party will recover costs of the appeal.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.